THE HONORABLE BARBARA J. ROTHSTEIN

FILED ENTERED
LODGED RECEIVED

NOV 05 2002 PM

AT SEATTLE
U.S. DISTRICT COURT
DISTRICT OF WASHINGTON
BY                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL INC., a Delaware corporation, and QWEST COMMUNICATIONS CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ONEQWEST, LLC, a Florida limited liability company, KEVIN JOHNSON, WILLIAM O'KEEFE, PHIL PICCOLO, individuals, NETQWEST, LLC, a Florida limited liability company, and ONE NET PLACE, INC, a Florida corporation,<br><br>Defendants. | NO. C02-829R<br><br>JUDGMENT AND PERMANENT INJUNCTION<br><br>FILED  ENTERED<br>LODGED  RECEIVED<br><br>NOV 13 2002<br><br>AT SEATTLE<br>CLERK U.S. DISTRICT COURT<br>BY  WESTERN DISTRICT OF WASHINGTON<br>DEPUTY |

The Court hereby enters the following Judgment and Permanent Injunction in the case involving Plaintiffs Qwest Communications International and Qwest Communications Corporation ("Qwest") and Defendants OneQwest, LLC ("OneQwest"), Kevin Johnson, William O'Keefe, Phil Piccolo, NetQwest, LLC and One Net Place, Inc. (collectively, the

JUDGMENT (NO. C02-829R) - 1
[13141-0485/LA022980.082]

ORIGINAL

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206-583-8888
FAX: 206-583-8500

"Defendants") (Qwest and the Defendants may be referred to herein individually as "Party" and collectively as "Parties").

It is hereby ORDERED, ADJUDGED AND DECREED:

1. This Court has jurisdiction over the Parties and the subject matter of this action. The Parties consent to the jurisdiction of this Court for the purposes of entry and enforcement of this Judgment and Permanent Injunction and the settlement agreement reached by the Parties in this action, and this Court retains jurisdiction for this purpose.

2. This Court hereby issues a permanent injunction against Defendants and each of their agents, employees, servants, officers, directors, successors in interest, heirs, assigns and all persons, firms or corporations, acting by or under their authority, in active concert or privity or in participation with them:

    a. from diluting the QWEST Marks and/or using the QWEST Marks or any mark confusingly similar to QWEST -- including ONE QWEST, ONE QUEST, or other QWEST or QUEST derivative mark, in any way, or using any other word, words, phrases, symbols, logos, which would create a likelihood of confusion, mistake or deception in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing or manufacturing of their business, services and products;

    b. to recall any material containing the QWEST Marks in any way and using any word, words, phrases, symbols, logos, which would create a likelihood of confusion, mistake and/or deception therewith, including without limitation the OneQwest Marks, in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing or manufacturing of their business, services and products;

JUDGMENT (NO. C02-829R) - 2
[13141-0485/LA022980.082]



Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206-583-8888
FAX: 206-583-8500

   c. from engaging in any further unlawful acts and from reaping any additional commercial advantage from the misappropriation of the rights of Qwest and includes the affiliated and related companies of Qwest in the QWEST Marks and/or the registrations of the QWEST Marks;

 3. The Court hereby awards judgment to Qwest and against Defendants in that amount of $117,000,000.00, being calculate by multiplying the 90,000 customers OneQwest has indicated it signed up for its multiple level marketing program times the $1,300.00 each subscriber paid for a subscription to the OneQwest program.

 4. The Court hereby orders the Defendants to cancel all trade name and trademark registrations and/or applications in their names and/or under their control or direction for the QWEST Marks and any word, words, phrases, symbols, logos, which would create a likelihood of confusion, mistake, and/or deception therewith, including without limitation the OneQWEST Marks or transfer them to Qwest;

 5. Defendants waive any objection under Federal Rules of Civil Procedure 65(d) (pertaining to injunctions) to paragraph 2 above.

 6. The Court hereby order the Defendants to pay to Qwest its attorneys' fees and prejudgment interest in this proceeding pursuant to 15 U.S.C. § 1117 and R. C. W. 19.86.090;

 7. The Court hereby awards Qwest its costs;

 8. The Court hereby awards Qwest post-judgment interest on its judgment in accordance with 28 U.S.C. § 1961.



JUDGMENT (NO. C02-829R) - 3
[13141-0485/LA022980.082]

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206-583-8888
FAX: 206-583-8500

9. This action is hereby dismissed without prejudice, except the Court shall retain jurisdiction to enforce this Order and the Settlement Agreement between the parties.

**IT IS SO ORDERED.**

DATED this 11th day of Nov., 2002.

*Barbara Rothstein*
United States District Judge

Presented By:

PERKINS COIE LLP

By *Breton A. Bocchieri*
Breton A. Bocchieri, Pro Hac Vice Applicant
1620 – 26th Street, Sixth Floor
Santa Monica, CA 90404
Phone: (310) 788-9900
Facsimile: (310) 788-3399

Attorneys for Plaintiffs
Qwest Communications International, Inc.
and Qwest Communications Corporation

By _____
William C. Rava, WSBA #29948

JUDGMENT (NO. C02-829R) - 4
[13141-0485/LA022980.082]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206-583-8888
FAX: 206-583-8500